# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION


| | | |
|---|---|---|
| DELLIS MICHAEL BASKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:16-CV-180-PRC |
| | ) | |
| TRENT FARRELL, et al, | ) | |
| | ) | |
| Defendants | ) | |


## OPINION AND ORDER


These matters are before the Court on Plaintiff's Motion in Limine [DE 42] and Defendants' Motion in Limine [DE 44] both filed with the Court March 2, 2018.

The Court also considered the separate responses to each Motion in Limine. No Replies were permitted.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES:**

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning admissibility of evidence shall be determined by the Court." Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review by the trial court. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.*, 104 F.Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance, and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400). Often, the "better practice is to deal with questions of admissibility of evidence as they arise, presenting the issues in a

specific context, rather than excluding broad categories of evidence prior to trial." *United States v. Phillips*, No. 1:12-CR-872, 2014 U.S. Dist. LEXIS 79916* 5-6 (N.D. Ill. June 12, 2014).

A court's rulings in limine are preliminary in nature and subject to change. In this Order the Court is not making final determination on the admissibility of evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

## PLAINTIFF'S MOTION IN LIMINE

1.      Plaintiffs' Motion in Limine paragraph 1:

Reference to Defendants' personal ability or inability to pay a judgment in this case.

**GRANTED**.  (No objection).

2.      Plaintiff's Motion in Limine paragraph 2:

Reference to the City of Fort Wayne potentially indemnifying the Defendants if there is a judgment in this case against one or more of them.

**GRANTED.**  (No objection).

3.      Plaintiff's Motion in Limine paragraph 3:

Reference to any source of revenue available to the City of Fort Wayne with which to pay civil judgments.

**GRANTED.**  (No objection).

4.      Plaintiff's Motion in Limine paragraph 4:

Reference to Plaintiff Baskin's criminal history prior to and after the incidents alleged in this case.

**GRANTED** but subject to evidence and issues presented by Plaintiff Baskin at trial.
5.      Plaintiff's Motion in Limine paragraph 5:

Reference to incidents when Plaintiff had contact with a law enforcement officer, or was incarcerated, prior to or after the incidents alleged in this case.

**GRANTED** but subject to evidence and issues presented by Plaintiff Baskin at trial.

6.     Plaintiff's Motion in Limine paragraph 6:

Reference in any way to settlement attempts in this case.

**GRANTED.** (No objection).

7.     Plaintiff's Motion in Limine paragraph 7:

References to any inadmissible hearsay statements.

**GRANTED** - but just for the sake of issuing a ruling.  This request is much too broad and simply asks the Court to enforce rules and law regarding hearsay.

8.     Plaintiff's Motion in Limine 8:

Reference to exhibits, witnesses, or other evidence not previously disclosed to Plaintiff.

**GRANTED.**  (No objection).


# DEFENDANTS' MOTION IN LIMINE


1.     Defendants' Motion in Limine paragraph 1:

Reference to the disposition of the criminal charge against Plaintiff Baskin for obstructing traffic.

**DENIED.**


2.     Defendants' Motion in Limine paragraph 2:

Reference to citizen complaints, discipline, personnel records or matters, or any

other civil or criminal or similar matters involving any of the Defendant police officers.

**GRANTED.** (No objection).

3.      Defendants' Motion in Limine paragraph 3:

Reference in any way to settlement attempts in this case.

**GRANTED.**  (No objection).

4.      Defendants' Motion in Limine paragraph 4:

Reference to whether the City of Fort Wayne will possibly pay for any judgment rendered in this case.

**GRANTED.** (No objection).

5.      Defendants' Motion in Limine paragraph 5:

Reference to a police officers' "code of silence" or a "blue wall".

**GRANTED.**  (No objection).

6.      Defendants' Motion in Limine paragraph 6:

Reference that the alleged actions of any of the Defendant police officers involved racial motivation.

**DENIED.**

7.      Defendants' Motion in Limine paragraph 7:

Reference to Plaintiff Baskin sustaining nerve damage as a result of the alleged incidents in this case.

**DENIED.**

8.      Defendants' Motion in Limine paragraph 8:

Reference to the City of Fort Wayne police officers' TASER report if it is not

redacted.

**GRANTED.**  (No objection).  The non-relevant portions of the TASER report (other unrelated incidents) will not be admissible into evidence.

9.      Defendants' Motion in Limine paragraph 9:

Testimony by Plaintiff Baskin's expert witness Anthony Gregory opining on the level of force used on Plaintiff Baskin at St. Joseph Hospital.

**DENIED.**


        Accordingly, the Court hereby **GRANTS in part** and **DENIES in part** the Plaintiff's Motion in Limine [DE 42] and the Court hereby **GRANTS in part** and **DENIES in part** the Defendants' Motion in Limine [DE 44].


        So **ORDERED** this 12th day of March, 2018.


                                        /s/ Paul R. Cherry
                                        Paul R. Cherry
                                        Magistrate Judge
                                        United States District Court
                                        Northern District of Indiana


cc: All counsel of record