# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DELLIS MICHAEL BASKIN, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.:1:16-CV-180-PRC |
| CITY OF FORT WAYNE, SERGEANT TRENT FARRELL, SERGEANT TODD HUGHES, OFFICER TIM HANNON, OFFICER DOUGLAS WEAVER, OFFICER DAVID TINSLEY, OFFICER ANDREW BECK, and OFFICER NICOLAS LICHTSINN, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider Imposition of Costs [DE 86], filed by Plaintiff Dellis Michael Baskin on April 16, 2018. Defendants filed a response on April 30, 2018, and Plaintiff filed a reply on May 7, 2018.

## BACKGROUND

On March 17, 2016, Plaintiff filed a Complaint in state court against several Defendant police officers and the City of Fort Wayne, asserting claims of excessive force, failure to protect, unlawful arrest, malicious prosecution, violation of Plaintiff's Second Amendment rights, assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. This case was removed to federal court on May 25, 2016. Defendants filed their Answer to the Complaint on June 22, 2016. On August 17, 2017, Plaintiff filed a Motion for Partial Summary Judgment, and the Defendants also jointly filed a Motion for Partial Summary Judgment. After briefing was completed, Judge Theresa Springmann granted in part and denied in part the Defendants' Motion and denied the Plaintiff's Motion in full. Judge Springmann granted the

Defendants' Motion as to the Plaintiff's claims for violation of his Second Amendment rights, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.

This case proceeded to a jury trial on the remaining claims beginning March 20, 2018. At the close of Plaintiff's case-in-chief on March 22, 2018, the Court granted in part Defendants' oral motions for judgment on the evidence, resulting in the dismissal of Defendants Weaver and Lichtsinn. The jury returned a partial verdict on the remaining claims on March 27, 2018. The jury found in favor of the remaining Defendants on all claims with the exception of three claims against Officer Trent Farrell for excessive force, failure to protect, and unlawful arrest. The Court declared a mistrial as to these three claims. The Clerk of Court entered judgment in favor of all of the Defendants except for Defendant Farrell on March 29, 2018, which included costs.

## ANALYSIS

Plaintiff brings the instant motion to reconsider the imposition of costs pursuant to Federal Rule of Civil Procedure 54.

"Unlike motions to reconsider final judgments, which are governed by Federal Rule of Civil Procedure 59 or 60, a motion to reconsider an interlocutory order [under Rule 54(b)] may be entertained and granted as justice requires." *Azko Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1159 (N.D. Ind. 1995). Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In this case, three claims against Defendant Farrell have not been finally adjudicated. "Generally, if an action involves either multiple parties or one party with multiple claims, the dismissal of some but not all of the parties or claims is not immediately appealable; the parties or

2

claims that still exist prevent the order from being 'final.'" *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186 (7th Cir. 2011) (citing *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1216-17 (7th Cir. 1990); Fed. R. Civ. P. Rule 54(b)). Therefore Rule 54(b) applies to Plaintiff's Motion, consideration of which is a matter of a district court's inherent power and is committed to a court's sound discretion. *Cima v. Wellpoint Health Networks, Inc.*, 250 F.R.D. 374, 386 (S.D. Ill. 2008).

In his motion, Plaintiff asserts that he should not be required to pay costs associated with this litigation. Plaintiff first points out that it is within the Court's discretion whether or not to award costs to prevailing parties. He also notes that the purpose behind 42 U.S.C. § 1988(b), which provides for awards of attorney's fees, is to ensure "effective access to the judicial process." Thus, Plaintiff argues that this policy applies equally to the imposition of costs and should be awarded only if his claim was "frivolous, unreasonable, groundless, or if the plaintiff continued to litigate it after it clearly became so." *See Cooney v. Casady*, 735 F.3d 514, 521 (7th Cir. 2013). Plaintiff argues that because the jury was hung as to three of his claims against Defendant Farrell and because, as a result, the Court declared a mistrial as to those claims, Plaintiff's claims were not frivolous, unreasonable, or groundless, and an award of costs would be contrary to public policy. Plaintiff also argues, in his reply, that awarding costs prior to final disposition of his claims against Defendant Farrell may hinder his ability to pursue his non-frivolous claims against Defendant Farrell and that, at least, the Court should postpone the imposition of costs until the resolution of the remaining claims against Defendant Farrell.

Defendants respond that, as prevailing parties, they are entitled to costs under Rule 54(b) unless a federal statute, the Rules, or a Court Order provides otherwise and that, although the Court has discretion in the imposition of costs, the Seventh Circuit Court of Appeals recognizes only two situations in which the denial of costs may be warranted, see *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003), neither of which Plaintiff has alleged here. Moreover, Defendants

argue, Plaintiff has produced no authority that the law and policy applicable to the award of attorney's fees is equally applicable to the imposition of costs or that the imposition of costs is necessarily inappropriate when an award of attorney's fees would be inappropriate.

The Court agrees with Defendants. Rule 54(d)(1) provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." As to the two situations that the Seventh Circuit Court of Appeals has recognized might justify the denial of costs, "the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father*, 338 F.3d at 708. Plaintiff has alleged neither that Defendants engaged in any sort of misconduct justifying the denial of costs nor that Plaintiff is indigent.

Instead, Plaintiff relies on a policy argument: it would be fundamentally unfair to award costs unless the claims are frivolous because plaintiffs otherwise would be deterred from bringing legitimate claims. But the only authority Plaintiff cites for his proposition are cases applying § 1988(b), which applies only to attorney's fees. Thus, it appears that Plaintiff is advocating for the Court to apply the same standard for imposing costs under Rule 54(d)(1) as the standard for awarding attorney's fees under § 1988(b). However, this argument has been rejected by courts in the Seventh Circuit. *See Camarillo v. Pabey*, No. 2:05-CV-455, 2007 WL 3102144, at *6 (N.D. Ind. Oct. 22, 2007) (noting that "controlling precedent also prevents this Court from equating the sanction of attorneys' fees with the award of costs"); *Petersen v. Gibson*, No. 97 C 4123, 2005 WL 6705656, at *5 (N.D. Ill. Sept. 27, 2005) (noting "a strong, historical presumption in favor of costs—a presumption that does not extend to attorneys' fees"). "Attorneys' fees stand on a different footing because there is no parallel rule either in Rule 54 or elsewhere creating any presumption of entitlement to such fees . . . ." *Mother & Father*, 338 F.3d at 710.

4

Plaintiff's argument regarding the ongoing nature of this proceeding is also unavailing. Prevailing defendants are entitled to costs regardless of the outcome of claims brought against co-defendants. *See Perlman v. Zell*, 185 F.3d 850, 858 (7th Cir. 1999) (finding that where some defendants "have prevailed outright, . . . [t]hey are entitled to recover their own costs of defense"); *Moreland v. Speybroeck*, No. 3:99-CV-607, 2005 WL 2347271, at *4 (N.D. Ind. Sept. 26, 2005) ("Moreover, the Plaintiffs have cited no law, nor are we aware of any, that supports their argument that there can be only one prevailing party in multi-defendant litigation."). Regardless of the outcome of Plaintiff's case against Defendant Farrell, the prevailing Defendants are still entitled to the costs of their defense. The Court finds that Plaintiff has not met his burden to overcome the presumption that the prevailing parties are entitled to costs. Nor does the Court find that it would be in the interests of justice to suspend the imposition of costs until after the full resolution of the claims pending against Defendant Farrell.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion to Reconsider Imposition of Costs [DE 86].

SO ORDERED this 9th day of May, 2018.

    s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT