UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DELLIS MICHAEL BASKIN, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:16-CV-180-PRC |
| SERGEANT TRENT FERRELL and CITY OF FORT WAYNE, INDIANA, | ) |
| Defendants | ) |

**OPINION AND ORDER**

These matters are before the Court on the Plaintiff's Motion in Limine [DE 100] filed August 9, 2018, by Plaintiff Dellis M. Baskin, by counsel, and the Defendants' Second Motion in Limine [DE 101] filed August 9, 2018, by Defendants Trent Ferrell and the City of Fort Wayne, by counsel.

The Court has also considered the Defendants' Response to Plaintiff's Motion in Limine [DE 104] filed August 15, 2018, and the Response in Opposition to Defendants' Second Motion in Limine [DE 105] filed August 15, 2018. No Replies were permitted.

In determination of these issues the Court **FINDS** and **ORDERS**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning admissibility of evidence shall be determined by the Court." Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review by the trial court. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). If evidence does not meet this standard,"the evidentiary rulings should be deferred until trial so that questions of foundation, relevance, and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400). Often, the "better practice is to deal with questions of admissibility of evidence as they arise, presenting the issues in a specific context, rather than excluding broad categories of evidence prior to trial." *United States v. Phillips,* No. 1:12-CR-872, 2014 U.S. Dist. LEXIS 79916* 5-6 (N.D. Ill. June 12, 2014).

A court's rulings in limine are preliminary in nature and subject to change. In this Order the Court is not making final determination on the admissibility of evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

# PLAINTIFF'S MOTION IN LIMINE

1. Defendants' financial ability or inability to pay a judgment.

**GRANTED**. (No objection made by the Defendants).

2. Potential indemnification by the City of Fort Wayne to Sgt. Trent Ferrell in the event of a judgment against him.

**GRANTED**. (No objection made by the Defendants).

3. The City of Fort Wayne's source(s) of revenue with which it may pay a judgment in the event of a judgment.

**GRANTED**. (No objection made by the Defendants).

4. Dellis Baskin's criminal history.

**PARTIALLY GRANTED AND PARTIALLY DENIED.** By way of guidance, such evidence will be allowed for the purpose of impeachment of Dellis Baskin's testimony at trial pursuant to Federal Rule of Evidence 609 and otherwise if he or his attorneys open the door.

5. Dellis Baskin's arrest incidents, incarcerations, and interactions with law enforcement officers on other occasions.

**GRANTED**. However, by way of guidance, such testimony and arguments will be permitted if Dellis Baskin or his attorneys open the door.

6. Attempted settlement of the case.

**GRANTED**. (No objection made by the Defendants).

7. The previous jury trial in this case.

**GRANTED**. (No objection made by the Defendants).

8. Referring to the other Fort Wayne Police Department officers who were Defendants in the first jury trial as previous Defendants or as Defendants.

**GRANTED**. (No objection made by the Defendants).

9. Claims previously raised by Dellis Baskin or his attorneys that were resolved in some fashion prior to this second jury trial.

**DENIED** - as overly broad.

10. Evidence not previously disclosed to Dellis Baskin or his attorneys.

**GRANTED**. (No objection made by the Defendants).

### DEFENDANTS' SECOND MOTION IN LIMINE

1. The disposition (outcome) of Dellis Baskin's criminal case and trial for Resisting Law Enforcement.

**GRANTED**. (No objection made by the Plaintiff).

2. Dismissal of Dellis Baskin's criminal charge for Obstructing Traffic.

**GRANTED**. (No objection made by the Plaintiff).

3. The previous jury trial in this case.

**GRANTED**. (No objection made by the Plaintiff).

4. Possible racial motivation for Sgt. Trent Ferrell's actions.

**DENIED**.

5. The use of any force by other law enforcement officers at the police vehicle after Sgt. Trent Ferrell's last use of force, including the use of a taser.

**GRANTED**.

6. Events that allegedly occurred while Dellis Baskin was at and in the police vehicle and thereafter, including events at the hospital.

**GRANTED** as to anyone other than Sgt. Trent Ferrell but **DENIED** as to Sgt. Trent Ferrell's actions while Dellis Baskin was at or in the police vehicle.

7. Whether Defendants violated a Fort Wayne Police Department policy requiring people who have been tasered to be taken to a hospital for medical clearance before admission to a jail.

**GRANTED**. (No objection made by the Plaintiff).

8. Any injuries to Dellis Baskin from being tasered, a kick to him by Officer Beck, and force used on him at the hospital.

**GRANTED**.

9. Medical evidence related to the use of force on Dellis Baskin by any law enforcement officer other than Sgt. Trent Ferrell, including the use of a taser.

**GRANTED**.

10. Any documents relating to the use of a taser if unredacted.

**GRANTED** – but only to the portions of the document(s) that relate to the use of a taser if unredacted.

11. Force used at the motorcycle to either Dellis Baskin or his passenger.

**GRANTED**. However, by way of guidance, any evidence that specifically Sgt. Trent Ferrell used any force on either Dellis Baskin or his passenger while they were at or near the motorcycle will likely be admissible.

12. Lay opinion as to Dellis Baskin's medical diagnosis or prognosis.

**PARTIALLY GRANTED AND PARTIALLY DENIED.** Dellis Baskin will generally be permitted to testify about his medical, physical, and psychological conditions related to Sgt. Trent Ferrell's actions; but no other lay person may do so.

13. The audio portion of the Morgan Hershberger cell phone video.

**GRANTED.**

14. Citizen complaints, civil or criminal actions, disciplinary actions, or personnel file information relating to Sgt. Trent Ferrell.

**GRANTED**. (No objection made by the Plaintiff).

15. Attempted settlement of the case.

**GRANTED**. (No objection made by the Plaintiff).

16. The likelihood that the City of Fort Wayne may contribute to the payment of any judgment against Sgt. Trent Ferrell in the event of a judgment against him.

**GRANTED**. (No objection made by the Plaintiff).

17. Reference to a police code of silence or blue wall.

**GRANTED**. (No objection made by the Plaintiff).

18. Any lost wage damages Dellis Baskin may have incurred after July 21, 2014.

**DENIED**.

So **ORDERED** this 16th day of August, 2018.

                                      /s/ Paul R. Cherry
                                      Paul R. Cherry
                                      Magistrate Judge
                                      United States District Court
                                      Northern District of Indiana