UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DELLIS MICHAEL BASKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:1:16-CV-180-PRC |
| | ) | |
| CITY OF FORT WAYNE and SERGEANT | ) | |
| TRENT FARRELL, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant City of Fort Wayne's Motion to Dismiss [DE 107], filed on August 17, 2018. Plaintiff filed no response.

**BACKGROUND**

On March 17, 2016, Plaintiff filed a Complaint in state court against several Defendant police officers and the City of Fort Wayne, asserting claims of excessive force, failure to protect, unlawful arrest, malicious prosecution, violation of Plaintiff's Second Amendment rights, assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. This case was removed to federal court on May 25, 2016. Defendants filed their Answer to the Complaint on June 22, 2016. On August 17, 2017, Plaintiff filed a Motion for Partial Summary Judgment, and the Defendants also jointly filed a Motion for Partial Summary Judgment. After briefing was completed, Judge Theresa Springmann granted in part and denied in part the Defendants' Motion and denied the Plaintiff's Motion in full. Judge Springmann granted the Defendants' Motion as to the Plaintiff's claims for violation of his Second Amendment rights, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.

This case proceeded to a jury trial on the remaining claims beginning March 20, 2018. At the close of Plaintiff's case-in-chief on March 22, 2018, the Court granted in part Defendants' oral motions for judgment on the evidence, resulting in the dismissal of two Defendants. The jury returned a partial verdict on the remaining claims on March 27, 2018. The jury found in favor of the remaining Defendants on all claims with the exception of three claims against Officer Trent Farrell for excessive force, failure to protect, and unlawful arrest. The Court declared a mistrial as to these three claims. The Clerk of Court entered judgment in favor of all of the Defendants except for Defendant Farrell on March 29, 2018.

On June 22, 2018, Defendant Trent Farrell filed a Motion for Judgment on Plaintiff's Failure to Intervene Claim. On July 6, 2018, the Plaintiff filed a response, which agreed that "the Plaintiff's failure to protect claim against Sgt. Farrell is precluded by the Jury's verdicts." (*See* Pl.'s Response to Motion, ¶ 4). Thus, as confirmed at the Final Pretrial Conference held on August 10, 2018, the only remaining claims are for excessive force and unlawful arrest, brought pursuant to 42 U.S.C. § 1983, against Sergeant Trent Farrell, and the City of Fort Wayne. [DE 103]. The Defendant, City of Fort Wayne, has moved for dismissal of it as a defendant in this case.

## ANALYSIS

Municipalities may be held liable under § 1983 if their official policies, including unwritten customs, cause constitutional violations. *See Monell v. Dep't of Soc. Servs., of the City of N.Y.*, 435 U.S. 658, 690–91 (1978). However, in his remaining claims, the Plaintiff has not alleged that his rights were violated "as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority," and thus his claims against the city Defendant cannot succeed. *See Ienco v. City of Chi.*, 286 F.3d 994, 998 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 690–91). A municipality cannot be held liable under § 1983 simply because it employs the alleged wrongdoer. *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006); *see also Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) ("Governmental

entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy."). Because the Defendant cannot be liable on the Plaintiff's remaining claims, it should be dismissed as a Defendant.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion to Dismiss [DE 107].

SO ORDERED this 24th day of August, 2018.

                                                 s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT